# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 999 | **DATE** | 1/11/2005 |
| **CASE TITLE** | Tanya Moss-Buchanan et al. vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Defendant City of Chicago's Motion for Summary Judgment [#33] is hereby **granted**. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 2 2005 date docketed | |
| | Notified counsel by telephone. | | | 46 |
| | Docketing to mail notices. | | *alw* docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/11/2005 date mailed notice | |
| FT/ | courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TANYA J. MOSS-BUCHANAN and )
MICHAEL A. BUCHANAN, )
 ) No. 03 C 0999
    Plaintiffs, )
 ) Magistrate Judge
vs. ) Arlander Keys
 )
THE CITY OF CHICAGO, )
 )
    Defendant. )

DOCKETED
JAN 14 2005

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant's Motion for Summary Judgment. Plaintiffs sued Defendant pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000 *et seq.*, claiming that Defendant terminated Plaintiffs because of their race. For the reasons set forth below, Defendant's Motion is granted.

### FACTUAL HISTORY

Plaintiffs Tanya Moss-Buchanan and Michael Buchanan were employed by the City of Chicago. Ms. Moss-Buchanan worked as a Project Coordinator in the City's Department of Revenue ("DOR") from 1987 to July 31, 2002. Mr. Buchanan worked as an Administrative Manager in that same department from 1977 to July 31, 2002. The fact that Plaintiffs' termination dates are identical is no coincidence; Plaintiffs were terminated pursuant to a City- ordered reduction in workforce, which was implemented in July 2002. The DOR laid off twelve workers, including five

union employees. The union employees were laid off under a collective bargaining agreement, which dictated that the last hired were the first fired. Plaintiffs were among the remaining seven non-union employees terminated in the reduction in workforce.

The parties agree that four of the seven non-union employees terminated in July 2002 were African American, and that only fifty percent of the DOC work force at that time were African American. The parties also agree that Ms. Moss-Buchanan's work performance was not a factor in her termination. While Defendant claims that its discretionary termination decisions were informed by the employees' salaries and their middle management positions, Plaintiffs claim that the decisions were influenced by racial discrimination.

## PROCEDURAL HISTORY

On September 23, 2002, Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), claiming that they were discriminated against because of their race[1]. The EEOC issued Mr. Buchanan a Right to Sue letter on September 25, 2002. At his deposition, Mr. Buchanan admitted that he had no reason to doubt that he received this letter on either September 28, 2002 or September 29, 2002.

---

[1] Mr. Buchanan's EEOC charge also alleged age discrimination. Plaintiffs' lawsuit, however, does not assert a claim for age discrimination.

The EEOC issued Ms. Moss-Buchanan's Right to Sue letter on November 12, 2002; the record contains no further evidence with regard to when Ms. Moss-Buchanan actually received her right to sue letter.

Plaintiffs filed this lawsuit *pro se,* on February 11, 2003 - 91 days after the EEOC issued Ms. Moss-Buchanan's Right to Sue letter and approximately 104 days after Mr. Buchanan likely *received* his Right to Sue letter.

The case was assigned to Judge Elaine E. Bucklo. Although Plaintiffs filed their lawsuit *pro se*, their attorney filed his appearance on August 1, 2003. The parties consented to proceed before this Court on October 24, 2003.

**STANDARDS**

Summary judgment will be granted where the pleadings and supporting documents show that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Whether a fact is material to the dispute is established by the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1985). A genuine issue as to one of these material facts exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

In a summary judgment proceeding, the Court will disregard

all facts not properly supported by the record. *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). The Court does not make "credibility determinations nor choose between competing inferences" at the summary judgment stage. *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993). However, in determining whether a genuine issue of material fact exists, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999).

The moving party initially bears the burden of showing that the record contains no genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party need not negate its opponent's claim. *Id.* at 322. Instead, with respect to issues on which the non-moving party bears the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'-- that is, pointing out to the district court-- that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

If the moving party meets its burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial; the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleading . . . ." *Anderson*, 477 U.S. at 248, 257. Additionally, "mere conclusory" allegations are inadequate. *Nowak v. St. Rita High*

*Sch.*, 142 F.3d 999, 1002 (7th Cir. 1998). The non-moving party must present more than a "metaphysical doubt as to the material facts" to survive summary judgment. *Matsushita Elec. Indus. Co, v. Zenith Radio Corp.*, 475 U.S. 574, 596 (1986). The non-moving party will not survive summary judgment if it cannot present sufficient evidence to support each element of its case on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

**DISCUSSION**

Defendant contends that summary judgment is proper against Mr. Buchanan, because he failed to file his lawsuit within 90 days of receiving his Right to Sue letter from the EEOC. Defendant further argues that, because Ms. Moss-Buchanan has failed to comply with Local Rule 56.1, all of Defendant's material facts are deemed admitted. As such, the Court should grant Defendant's Motion for Summary Judgment with regard to Ms. Moss-Buchanan as well. The Court will address Defendant's arguments with respect to each Plaintiff in turn.

### A. Mr. Buchanan's Suit is Untimely

Initially, the Court notes that Mr. Buchanan has not bothered to file any response whatsoever to Defendant's Motion and Statement of Material Fact. Just as well; the Court agrees that his lawsuit is time barred.

A plaintiff must file his suit within ninety days from the

date the EEOC gives notice of the right to sue. 42 U.S.C. § 12117(a); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). This deadline is not simply a jurisdictional prerequisite, but is a condition precedent to relief. *Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991). This strict rule often yields harsh results, as filing even a few days late is fatal. *See, e.g., Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984)(affirming an award of summary judgment in the defendant's favor based on the fact that the plaintiffs filed their suit two days late); *Wilson v. Doctor's Hospital of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 2000)(dismissing a complaint because it was filed one day late); *Brown v. City of Chicago*, No. 96 C 3078, 1998 WL 704278, at *3 (N.D. Ill. Sept. 30, 1998)(granting summary judgment in favor of the defendant based on the fact that the plaintiff filed his suit three days late).

In the Seventh Circuit, the ninety-day period generally does not begin to run until the plaintiff actually receives notice of his right to sue letter. *Houston*, 185 F.3d at 839. However, this actual notice rule only protects a plaintiff where actual notice was not delayed by the plaintiff's own fault. *Bobbitt v. Freeman Co.*, 268 F.3d 535, 538 (7th Cir. 2001). Courts have frequently determined that a plaintiff is at fault for a delay if he does not acquire his right-to-sue letter from his mailbox

before the Postal Service returns the letter to the EEOC. See, e.g., *Houston*, 185 F.3d at 839; *Ungeran v. Commonwealth Edison*, No. 00 C 5312, 2001 WL 1035181, at *2 (N.D. Ill. Sept. 7, 2001); *Jones v. Motorola*, No. 00 C 6439, 2001 WL 864273, at *5 (N.D. Ill. July 30, 2001).

At his deposition, Mr. Buchanan stated that he had no reason to doubt that he received his Right to Sue letter within three or four days of its issuance, on September 25, 2002[2]. But Mr. Buchanan did not file his lawsuit until February 11, 2003, approximately 104 days after he likely received the letter. Therefore, the Court agrees that Mr. Buchanan's suit cannot proceed and grants Defendant's Motion for Summary Judgment with respect to Mr. Buchanan.

### B. Ms. Moss-Buchanan has not Introduced Direct Evidence of Discrimination.

Ms. Moss Buchanan argues that the statistical, racial breakdown of the employees terminated on July 31, 2002 amounts to direct evidence of discrimination. Both parties acknowledge

---

[2] Even if Mr. Buchanan had not testified as such, the traditional presumption is that letters are received five days after the mailing date. See *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) ("unless proven otherwise, the receipt date is presumed to be five days from the mailing date"); *Saunders v. American Warehousing Services, Inc.*, No. 02 C 7650, 2003 WL 21266652, at *2 (N.D. Ill. May 30, 2003) ("the five-day receipt presumption is a useful abstract fiction when the Court has no other facts to rely upon"). The EEOC right-to-sue letter was dated September 25, 2002; even absent Mr. Buchanan's testimony the Court would have presumed that he received the letter on September 30, 2002.

that, at the time of the reduction, approximately 53% of the DOR's employees were African American. Ms. Moss-Buchanan notes that, although less than 50% of the total number of employees terminated in the DOR's reduction in workforce were African American, that figure is distorted, because the City was obligated to terminate five of those twelve employees pursuant to a union contract. Looking at just the discretionary terminations, Ms. Moss-Buchanan points out that four of the seven employees were African American[3]. But this amounts to only 57% of those terminated[4] - not exactly the "overwhelming" evidence that Ms. Moss-Buchanan portrays it to be.

Even if more compelling, Plaintiff's statistical evidence is not *direct* evidence of discrimination. "Direct evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir. 2000) (citations omitted). Generally, statistical evidence in reduction in workforce cases also fails to establish circumstantial evidence

---

[3] Ms. Moss-Buchanan's assertions regarding other terminations and/or resignations are simply not supported by the record evidence.

[4] Inexplicably, Plaintiff claims that four of the seven "discretionary" terminations involved African Americans, *see* Pl.'s Resp. at p. 4, while Defendant claims that number was even highed - five of seven fired workers were African American - or 71% of the workforce. *See* Def.'s St. of Mat. Fact at ¶ 57. As mentioned above, African Americans comprised only 53% of the workforce.

of discrimination, because it can "only show a relationship between an employer's decision and the affected employees' traits; they do not show causation." *Id.* In this case, Ms. Moss-Buchanan's statistical evidence sheds no light on the terminated employees' roles, responsibilities or salaries, and, therefore, fails to establish discrimination. *Id.* at 616-17. ("[s]tatistical evidence which fails to properly take into account nondiscrimination explanations does not permit an inference of discrimination.")

### C. Ms. Moss-Buchanan's Failure to Comply with Local Rule 56.1 Prevents Her from Demonstrating a Genuine Issue of Material Fact Under McDonnell Douglas.

Ms. Moss-Buchanan further argues that summary judgment should be denied under the indirect *McDonnell-Douglas*[5] method of proof, because she has submitted evidence that similarly situated, non-protected individuals were not terminated, and that Defendant's proffered explanation for terminating her was a mere pretext for discrimination.

Defendant argues that the "evidence" that Ms. Moss-Buchanan relies upon is not admissible, and, therefore, there is no

---

[5] In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the Supreme Court identified the burden shifting approach to proving racial discrimination, requiring discrimination plaintiffs to come forward with evidence that: 1) they are members of a protected group; 2) they reasonably performed to their employer's expectations; 3) they were subjected to an adverse employment action; and 4) similarly situated employees outside of their protected group were treated more favorably.

9

genuine issue of fact that its decision to terminate her was not discriminatory. Specifically, Defendant contends that Plaintiff's failure to comply with Local Rule 56.1 renders all facts admitted.

Under Local Rule 56.1, the party moving for summary judgment must submit a statement of material facts, written in short numbered paragraphs with citations to admissible evidence. Loc. R. 56.1(a); *Smith v. Lamz,* 321 F.3d 680, 682 (7th Cir. 2003). The opposing party must respond to each paragraph by either admitting or denying the allegations, and specifically citing to supporting materials showing the existence of a genuine factual dispute. Loc. R. 56.1(b)(3)(A). Statements of additional facts must also be supported by specific "references to the affidavits, parts of the record, and other supporting materials relied upon." Loc. R. 56.1(b)(3)(B).

The Seventh Circuit has repeatedly held that a district court is entitled to expect firm compliance with Rule 56.1. *Bordelon v. Chi. Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527 (7th Cir. 2000) ("Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment"). If the party opposing summary judgment fails to identify supporting material in the record, the moving party's statements will be deemed admitted - assuming these statements

10

are properly supported in the record. Loc. R. 56.1(b)(3)(B); *Garrison v. Burke,* 165 F.3d 565, 567 (7th Cir. 1999).

First, the Court notes that Ms. Moss-Buchanan's attempts to deny Defendant's Statement of Material Facts are deficient. In her response, Ms. Moss-Buchanan denied the factual assertions contained in ¶¶ 20, 21, 47-49, 54, and 59. With the exception of ¶¶ 20, 21, and 59, the denials are without citation to any evidence. These facts are, therefore, deemed admitted[6]. And Paragraphs 20, 21, and 59 cite only to Ms. Moss-Buchanan's affidavit, which, Defendant claims, lacks foundation, is not based upon personal knowledge, and is inadmissible.

Similarly, Ms. Moss-Buchanan's Statement of Additional Facts[7], which she further relies upon in support of her argument that there is a genuine issue of fact warranting trial, fails to cite to any record evidence. Ms. Moss-Buchanan's affidavit was, however, submitted at the same time as her Statement of Additional Facts, and is virtually identical to her Statement of Additional Facts, except that her affidavit refers to herself in the first person, not the third person.

Ms. Moss-Buchanan's affidavit (and Statement of Additional

---

[6] In several of her responses, Ms. Moss-Buchanan simply states that she "is without sufficient information to admit or deny" or simply does not respond. These paragraphs are also, of course, deemed admitted.

[7] Plaintiff labels this submission as her Statement of Facts.

Facts) identifies the terminated employees and their races; identifies the employees who selected the non-union employees for termination and their races; claims that she was effectively replaced by an employee making more money than she; and notes that two of the four project coordinators who remained with the DOR were white, had less years experience than her, and (on average) earned more money than Plaintiff. This evidence, Plaintiff claims, necessarily defeats Defendant's Motion for Summary Judgment

However, Ms. Moss-Buchanan's affidavit is insufficient to create a genuine issue of fact because it is self-serving and lacking in personal knowledge. Therefore, she has submitted no admissible evidence that would permit the Court to infer that similarly situated, non-African-American employees were not terminated and that Defendant's proffered explanation for terminating Ms. Moss-Buchanan was merely a pretext for discrimination.

Rule 56(e) states that affidavits opposing summary judgment motions "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed R. Civ. P. 56(e). Ms. Moss-Buchanan fails to demonstrate how she has personal knowledge as to 1) which employees participated in the selection of which non-

union employees to terminate, 2) which employees assumed her responsibilities after her termination; and 3) the race, salaries and years of service of the remaining employees. Instead, Ms. Moss-Buchanan's affidavit is nothing more than a self-serving affidavit, lacking factual support in the record. As the Seventh Circuit has explained, such affidavits will not defeat a motion for summary judgment:

> Conclusory Statements, unsupported by the evidence of record, are insufficient to avoid summary judgment . . . . . 'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter . . . rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted. . . . We require that the party opposing the motion take reasonable steps to provide the district court sufficient evidence to create a genuine issue of material fact.

*Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) (quotations and citation omitted.) (Noting that the plaintiff's submission of a self-serving affidavit could not take the place of submit photographs, independent inspection report, or other independent evidence.)

Finally, Ms. Moss-Buchanan's Statement of Additional Facts is deficient, even though it was submitted with her affidavit, because it fails to comply with Local Rule 56.1 by specifically citing to record evidence.

Therefore, the Court finds that there is no genuine issue of material fact that Defendant terminated Ms. Moss-Buchanan as a part of its reduction in workforce, because of her middle

13

management position and her salary, and not because of her race.

## CONCLUSION

For the reasons set forth above, the Court finds that there is no genuine issue of material fact that Defendant's decision to terminate Plaintiffs was motivated by racial animus. Accordingly, the Court grants the City's Motion for Summary Judgment.

Dated: January 11, 2005          E N T E R:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge